## Dobmeier v. Dobmeier

*Joseph V. Agresti*, for libellant.

*J. A. Spaeder*, for respondent.

EVANS, P. J., April 5, 1948.—We are here required to pass upon preliminary objections to new matter contained in an affidavit of defense. Plaintiff in his original bill petitioned for the appointment of a trustee to make public sale of real estate and personal property belonging to the parties by entireties after a decree of divorce entered to no. 19, September term, 1946, in this court. This proceeding is authorized by the Act of May 10, 1927, P. L. 884.

In the answer and in the new matter contained therein defendant admits that a decree of divorce between the parties was granted and that they were at that time the owners by entireties of the real estate in question. However, further averment is made that part of the personal property to which plaintiff claims joint ownership is that of defendant alone. Also a record of defalcations on the part of plaintiff is set forth in detail with respect to a support order in favor

of respondent and two minor children. Also, refunds are claimed for monies expended upon the property by respondent from her personal earnings and for advancements made by defendant's mother for plaintiff's welfare and later repaid to her by defendant.

The Act of 1927, supra, provides that if satisfied that the relief asked for is proper the court of common pleas, sitting in equity, shall order a trustee to make public sale of said property and make proper division of the proceeds of sale. In this distribution joint obligations are first deducted from the entire fund realized; and from the shares of those entitled to the remainder such items are deducted as may be entered of record against the parties individually. It therefore becomes obvious that before distribution may be had a hearing will be necessary to determine whether or not all or part of the personal property was held by entireties and therefore is subject to sale.

The right of defendant to recover arrearages due under support orders will depend on whether or not the aggregate amount owing has been reduced to judgment and entered of record in the court of common pleas under the provisions of the Act of May 8, 1901, P. L. 143, and its supplement, the Act of June 22, 1931, P. L. 665, 12 PS §§1001 and 1002(a). It would appear that the right to certain of the sums sought by defendant may not be recovered in this proceeding but we are of the opinion that her rights should not be determined piecemeal but that all should be determined in one decree in order that, should an appeal be taken, our conclusions regarding these several items in controversy may be before an appellate court for adjudication at one and the same time.

And now, to wit, April 5, 1948, plaintiff's preliminary objections to the new matter in defendant's answer are overruled without prejudice, and plaintiff is allowed 15 days to answer over.